AO 245 B (Rev. 3/01)(N.H. Rev.)                                                                                    Judgment - Page 1

# United States District Court
## Western District of Wisconsin

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:**   0758 3:15CR00114-001 |
| MATTHEW R. PHILLIPS | **Defendant's Attorney:**   Joseph Aragorn Bugni |

The defendant, Matthew R. Phillips, pleaded guilty to Count 1 of the information.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Receipt of Child Pornography, a Class C Felony | October 14, 2014 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.   If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.**

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | ███ 1978 | December 21, 2015 |
| **Defendant's USM No.:** | 08959-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | c/o Dane County Jail 115 W. Doty Street Madison, WI 53703 | /s/ James D. Peterson |
| **Defendant's Mailing Address:** | ████████ Janesville, WI 53546 | James D. Peterson District Judge |
| | | December 22, 2015 |
| | | Date Signed: |

AO 245 B (Rev. 3/01)(N.H. Rev.)

DEFENDANT:   MATTHEW R. PHILLIPS
CASE NUMBER:   0758 3:15CR00114-001

Judgment - Page 2

# IMPRISONMENT

As to Count 1 of the information, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 60 months.

I recommend that the defendant receive sex offense counseling and that the defendant be afforded prerelease placement in a residential reentry center with work release privileges.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

## RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 3/01)(N.H. Rev.)

DEFENDANT:     MATTHEW R. PHILLIPS
CASE NUMBER:   0758 3:15CR00114-001

Judgment - Page 3

# SUPERVISED RELEASE

A term of supervised release is required by statute. The term of imprisonment is to be followed by a 10-year term of supervised release.   I will take the suggestion of defense counsel, to which the government does not object, to impose only the mandatory conditions of supervised release at this point.   Before the defendant is released from custody, I will impose additional conditions that are appropriate at the time.

The instant offense is not drug-related and the defendant has no recent history of drug use. Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is waived.

Pursuant to the Sentencing Reform Act of 1984, the primary goals of supervised release are to assist defendants' transition into the community after a term of imprisonment and to provide rehabilitation.   Supervision in this case will provide the defendant with needed correctional programming, including rehabilitative programs, to assist with community reintegration; afford adequate deterrence to further criminal conduct; and to protect the public from further crimes perpetrated by the defendant.

Defendant is to abide by the statutory mandatory conditions.

### Statutory Mandatory Conditions

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____        _____
Defendant                               Date

_____        _____
U.S. Probation Officer                  Date

AO 245 B (Rev. 3/01)(N.H. Rev.)

DEFENDANT:    MATTHEW R. PHILLIPS
CASE NUMBER:    0758 3:15CR00114-001

Judgment - Page 4

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $100.00 | $0.00 | $1,076.00 |
| **Total** | $100.00 | $0.00 | $1,076.00 |

# RESTITUTION

It is adjudged that the defendant is to pay a $100.00 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

The defendant is to pay mandatory restitution in the amount of $1,076.00 to the U.S. Clerk of Court for the Western District of Wisconsin to be disbursed to the parents of the victim of the offense.   The address will be provided to the Clerk of Court.

The defendant does not have the economic resources to allow him to make full payment of restitution in the foreseeable future under any reasonable schedule of payments. Pursuant to 18 U.S.C. § 3664(f)(3)(B), he is to begin making nominal payments of a minimum of $100.00 each month, beginning within 30 days of his release from custody.

Defendant shall notify the court and the United States Attorney General of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution.

No interest is to accrue on the unpaid portion of the restitution.

The defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his family upon release from custody, as well as his obligation to pay restitution.

A final order of forfeiture is granted for the property seized from the defendant as reflected in the forfeiture order, in accordance with 18 U.S.C. § 2253.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.